UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATEF KHALED ATEF RASHAD MOHAMED,<br><br>                        Petitioner,<br><br>        -against-<br><br>DIRECTOR, *ICE Detention Facility 26 Federal Plaza, New York NY 10278*, et al.,<br><br>                  Respondents. | 26-CV-04890 (JAV)<br><br>ORDER TO ANSWER, 28 U.S.C. § 2241 |

JEANNETTE A. VARGAS, United States District Judge:

Petitioner has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241.  ECF No. 1 ("Pet.") at 1-3.

The Court, having examined the Petition, hereby ORDERS that, to preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court.  *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (collecting cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.").

**Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.**  *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-*

*Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

Within **two business days of the date of this Order**, Respondents shall file a letter with the following information:

a.  whether Petitioner was, as the Petition alleges, *see* Pet., ¶ 1, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

b.  Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner;

c.  confirmation that ICE has been provided with a copy of this Order;

d.  the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

e.  If the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Barbosa da Cunha v. Freden*, 175 F.4th 61, 79 (2d Cir. 2026).  If not, whether Respondents would consent to issuance of the writ—subject to preservation of Respondents' arguments for appeal.  If there is a basis to distinguish, whether Respondents waive the right to submit an answer and consent to issuance of the writ subject to preservation of Respondents' arguments for appeal.

f.  a copy of any final order of removal; and

g.  any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

The parties shall appear for a case management conference with the Court on **June 17, 2026, at 11:00 a.m.**  The conference will be held via **Microsoft TEAMS at the following link**:

https://teams.microsoft.com/meet/279073363397960?p=n0cZ1IwPRDPJTxI6lC (Meeting ID: 279 073 363 397 960; Passcode: HN7WR6tP).

2

Counsel should confer in advance of the case management conference and submit a joint letter, no later than **12:00 p.m. on June 16, 2026**, indicating whether the conference is necessary and addressing how the Court should handle the Petition.  In the letter, Respondents should also address whether Petitioner was, as the Petition alleges, *see* Pet., ¶ 1, located in the Southern District of New York at the time that the Petition was filed.[1]  If counsel do not believe a conference is required, and that briefing is appropriate, counsel should propose a briefing schedule (expedited or otherwise) in the joint letter.

All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-jeannette-vargas.**

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

### CONCLUSION

No later than **today**, Petitioner's counsel shall (1) serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, to the Civil Division of the

---

[1] If Petitioner was not in the Southern District of New York at the time the Petition was filed, the parties should confer and indicate in the joint letter whether the Court should order immediate transfer to the District in which Petitioner was located at the time of filing.  *See, e.g.*, *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025).

3

U.S. Attorney's Office, and (2) promptly file proof of such service on the docket.  Counsel for

Respondents shall promptly enter notices of appearance.

       SO ORDERED.

Dated:  June 10, 2026
       New York, New York

_____
          JEANNETTE A. VARGAS
          United States District Judge